**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 12 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATHY FRIPPS,

    Plaintiff,

v.

KCA FINANCIAL SERVICES, INC.,
an Illinois Corporation,

    Defendant.

CIVIL ACTION FILE

NO. **1:07-CV-2545**

WDH

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division who is authorized by law to bring this action.

5. Defendant, KCA FINANCIAL SERVICES, INC., is a corporation formed under the laws of the state of Ohio. [Hereinafter, said Defendant is referred to as "KCA."]

6. KCA is subject to the jurisdiction and venue of this Court.

7. KCA may be served by personal service upon its registered agent in the State of Illinois, to wit: Steve M. Gayheart, 1293 Herrington Rd., Geneva, Illinois, 60134.

8. Alternatively, KCA may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the states of Georgia or Illinois.

## FACTS COMMON TO ALL CAUSES

9. KCA uses telephone communications in its business.

10. The principle purpose of KCA business is the collection of debts.

11. KCA regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

12. KCA is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, KCA communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

14. In or around October, 2007, KCA left a message on Plaintiff's voice mailbox explaining that they are "...calling about an important business matter," and asked Plaintiff to return their phone call.

15. In the phone message, the caller did not state the company she worked for.

16. In the phone message, the caller did not state that the communication was from a debt collector.

17. In the phone message, the caller did not state that the communication was an attempt to collect a debt.

18. Defendant, by and through its collection agent employees, has left other similar messages that also failed to make the necessary disclosures as required by law.

19. Defendant's communications violate the Fair Debt Collection Practices Act.

20. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

21. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

22. Defendant's violations of the FDCPA include, but are not limited to, the following:

23. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

24. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

25.  The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

26.  As a result of the defendant's actions, the plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)  That Plaintiff be awarded statutory damages;

b)  That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)  That the Court declare each and every defense raised by Defendant to be insufficient; and

d)  That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICES OF JAMES M. FEAGLE, P.C.

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970